# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO NAVARRO,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | Case No.: 08-CR-3657 W<br>　　　　　　16-CV-1478 W<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [DOC. 144]** |

Pending before the Court is Petitioner Armando Navarro's motion for reconsideration of the Court's October 21, 2016 Order denying him a certificate of appealability on the denial of his 28 U.S.C. § 2255 petition. (*Mot. for Reconsideration* [Doc. 144].)

In his petition, Navarro offered the argument that robbery in California is not a crime of violence except pursuant to the residual clause in U.S.S.G. § 4B1.2(a)(1), which he argued was unconstitutionally vague. (*Petition* [Doc. 135].) The Court disagreed, denying the petition and denying him a certificate of appealability. (*Oct. 20, 2016 Order* [Doc. 141].) Navarro appealed the very same day. (*Notice of Appeal* [Doc. 142].) Five days later, on October 25, 2016, Mr. Navarro filed a Motion for Reconsideration as to the Court's denial of the certificate of appealability—notwithstanding the fact that his prior appeal had divested the Court of jurisdiction over the issue. See, e.g., Griggs v.

Provident Consumer Disc. Co., 459 U.S. 56, 58–59 (1982); United States v. Sprague, 135 F.3d 1301, 1307 (9th Cir. 1998).

On May 4, 2017, the Ninth Circuit Court of Appeals denied Mr. Navarro's request for a certificate of appealability, noting the United States Supreme Court's recent decision in Beckles v. United States, 137 S. Ct. 886, 895 (2017), that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause[.]" (*Order of United States Court of Appeals* [Doc. 145].)

The Court of Appeals' decision has returned jurisdiction to this Court, allowing for a decision on the instant motion for reconsideration. The motion does not identify any mistake, inadvertence, surprise, newly discovered evidence, or any other reason that could justify relief from the prior order. See Fed. R. Civ. P. 60(b).[1]

The motion for reconsideration is **DENIED**. [Doc. 144.]

**IT IS SO ORDERED**.

Dated: February 28, 2018

_____
Hon. Thomas J. Whelan
United States District Judge

---

[1] The motion does not specify under what authority it was filed. The Court construes it as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b).